# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>MARVIN CHAVELLE EPPS,<br><br>Movant.<br>_____/ | No. 2:09-CR-0043-KJM-CMK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court are: respondent's motion to dismiss (Doc. 86); and movant's motion for leave to amend (Doc. 87).

## I. BACKGROUND

Movant was charged with one count of production of child pornography and one count of possession of matter which contained depictions of child pornography. A superceding indictment was later filed alleging an additional count of sex trafficking of a minor. Movant entered into a written plea agreement on April 12, 2010, pleading guilty to the third count of sex trafficking. Regarding the sentence, the agreement permitted movant to argue for a sentence

1

outside the guidelines range provided that no sentence would be lower than the statutory mandatory minimum of ten years. The agreement also permitted the government to argue for a sentence up to the high end of the guidelines rang or 15 years, whichever was higher. The written plea agreement also contained a waiver of movant's rights to appeal or collaterally challenge the conviction or sentence. Finally, the agreement provided that the government would dismiss the first two counts.

In the pre-sentence report prepared by the probation officer calculated movant's offense level to be 31 with a criminal history category IV. The resulting guidelines range was 151 months to 188 months. The report recommended the mandatory minimum of 120 months, constituting a downward departure. At the time of sentencing movant argued for the recommended 120-month sentence. The government argues for 15 years. Movant was ultimately sentenced to 151 months.

## II. DISCUSSION

In his § 2255 motion, movant raises one claims – that his attorney was ineffective for failing to object to miscalculation of his criminal history.[1] In its motion to dismiss, respondent argues that the court lacks jurisdiction to entertain movant's § 2255 motion because he waived any right to collaterally attack his conviction or sentence. A waiver contained in a valid plea agreement is enforceable and deprives the court of jurisdiction. See <u>Unites States v. Anglin</u>, 215 F.3d 1064, 1066 (9th Cir. 2000); <u>see also</u> <u>United States v. Abarca</u>, 985 F.2d 1012 (9th Cir. 1992). A plea agreement is valid if it is entered into knowingly and voluntarily. See <u>United States v. Kaczynski</u>, 239 F.3d 1108 (9th Cir. 2001). The scope of the waiver is "demonstrated by the express language of the plea agreement." <u>Anglin</u>, 215 F.3d at 1066.

---

[1] In his motion for leave to amend, filed in response to respondent's motion to dismiss, movant seeks to add a claim that his trial counsel was also ineffective with respect to the plea agreement. He also raises the new claim that the government breached the plea agreement.

Whether a plea agreement was made "knowingly and voluntarily" depends on the circumstances surrounding its signing and entry. See Anglin, 215 F.3d at 1066 (citing United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991)). While a plea colloquy pursuant to Federal Rule of Criminal Procedure 11 is not a prerequisite to a valid waiver, see United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994), the district court's oral pronouncements are also relevant, see United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). Where the trial judge's unambiguous oral pronouncement differs from the written plea agreement, the oral pronouncement controls. See United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995). This is because the Ninth Circuit places a ". . . premium on a defendant's ability to trust a district court's statements. . . ." Anglin, 213 F.3d at 1067 (citing Buchanan, 59 F.3d at 917-18)).

It is unclear in this circuit whether waiver applies to a § 2255 motion raising ineffective assistance of counsel with respect to the plea. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (declining to decide whether waiver forecloses a claim of ineffective assistance of counsel raised in a § 2255 motion); but see United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt and reviewing ineffective assistance of counsel claim despite waiver). In Washington v. Lampert, 422 F.3d 864 (9th Cir. 2005), a § 22554 case, the Ninth Circuit noted the uncertainty with respect to waivers and § 2255 cases, but held that waivers do not bar ineffective assistance of counsel claims relating to the plea in § 2254 cases. In doing so, the court adopted the Seventh Circuit's reasoning in Jones v. United States, 167 F.3d 1142 (7th Cir. 1999), a § 2255 case. See Washington, 422 F.3d at 871. The court is unaware of any Ninth Circuit authority which expressly reaches the same conclusion in the context of a motion under § 2255, and the parties have cited to none. In an abundance of caution, the court will presume for the moment that an ineffective assistance claim relating to the plea agreement would be allowed.

///

///

The gravamen of movant's response to respondent's motion to dismiss is that the waiver was entered into knowingly. Movant states:

> In addition to not fully understanding the law terms, counsel misled defendant to believe that there was no other alternative course of action. Counsel presented the defendant with a plea agreement, but never informed the defendant that any aspects of the government could have been disputed, argued, negotiated, or even that an attempt to negotiate any of the conditions or terms of the agreement could have been made.

Movant also states that ". . . counsel simply told him [Epps] that the legal language of the waivers meant that if he wasn't satisfied with his sentence, he couldn't take it back and opt to go to trial just because he didn't obtain the desired outcome."

The argument that movant did not understand the terms of the plea agreement due to counsel's perceived ineffectiveness is not supported by the record. In the written agreement itself, just above his signature, movant agreed to the following:

> By signing below, I signify that I understand the plea agreement and I voluntarily and willfully agree to its terms. I specifically acknowledge that the plea agreement contains a waiver of appeal rights. I acknowledge that my attorney has advised me of my rights to appeal and collateral attack, I further acknowledge that I understand the consequences of my appeal waivers, and I have agreed to waive all rights to appeal my guilty plea and the sufficiency of the evidence against me and to attack collaterally my guilty plea and the sufficiency of the evidence against me, pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and 2241. . . .

At the change of plea hearing, when asked by the trial judge whether he understood the terms of the agreement, including the waivers, movant responded "yes." From this the court concludes that the plea agreement was entered into knowingly and voluntarily.

Given this record the court also concludes that, even if movant were permitted leave to amend to raise a claim of ineffective assistance of counsel, such a claim would have no merit because movant admitted in the plea agreement that counsel provided effective assistance. Furthermore, any ineffective assistance of counsel claim – assuming again that such a claim is cognizable in § 2255 cases – would necessarily fail for lack of prejudice because petitioner received a sentence at the low end of the applicable guidelines range. Even if the applicable

guideline range should have been 135 months to 168 months due to miscalculation of his criminal history category at level IV instead of level III, and even if counsel was ineffective for failing to raise this issue, movant still would not be able to demonstrate prejudice because his ultimate sentence was within this range also.

### III.  CONCLUSION

Because the record demonstrates that the plea agreement was entered into knowingly and voluntarily, and because petitioner cannot demonstrate prejudice resulting from any alleged ineffective assistance of counsel, leave to amend should be denied and this action should be dismissed pursuant to movant's waiver.

Based on the foregoing, the undersigned recommends that:

    1.    Movant's motion for leave to amend (Doc. 87) be denied; and

    2.    Respondent's motion to dismiss (Doc. 86) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 14, 2013

                                                                       
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE